UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN SALTER, | No. 2:25-cv-01482-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| UNITED PARCEL SERVICE, Inc., et al., | |
| Defendants. | |

Plaintiff Shawn Salter originally filed the present suit in Sacramento County Superior Court against his former employer, Defendant United Parcel Service, Inc. ("UPS"), and four UPS employees, Defendants Roger Carney, Lee Maruta, Kim Tse, and Matthew Woodruff. Plaintiff claims that while employed by Defendant UPS, he was subject to discrimination, harassment, and retaliation on the basis of disability and race. Plaintiff also claims that he was not provided with reasonable accommodations and that he faced retaliation for engaging in protected activities under FEHA as well as for his actions as a whistleblower.

Defendant UPS removed this action, asserting this Court had diversity of citizenship as Defendants Carney, Maruta, Tse, and Woodruff were sham defendants. (Notice of Removal (ECF No. 1) at 3–7.) Defendants Carney, Maruta, Tse, and

1

Woodruff are each allegedly residents of California. (Compl. (ECF No. 1)[1] ¶¶ 4-7.) Plaintiff has now filed a motion requesting that the Court remand this action to the Sacramento County Superior Court. (ECF No. 8.) Defendant UPS has separately moved to dismiss the Individual Defendants from this action.[2] (ECF No. 6.)

For the reasons stated below, Plaintiff's Motion to Remand is granted, and Defendant's Motion to Dismiss is denied as moot.

## BACKGROUND

The allegations in the present Complaint largely lack associated dates and are relayed out of chronological order. As a result, it is difficult to determine the exact series of events alleged in the Complaint, but the Court addresses the factual allegations that are readily understood. Plaintiff alleges that he was employed by Defendant UPS for "nearly two years" during which he was ultimately promoted to Investigation Supervisor. (Compl. ¶ 11.) While he was employed there, Plaintiff claims that he requested accommodations for severe osteoarthritis after he was reassigned to a facility that required more walking. (*Id*. ¶¶ 68-70.) Plaintiff was originally told to "move on" by management and after he submitted a formal accommodation request, "Defendant UPS strung Plaintiff along for more than a year." (*Id*. ¶¶ 71-72.)

At a later time and approximately five weeks before Plaintiff's ultimate termination, Plaintiff claims that he heard Defendant Carney, Plaintiff's supervisor, say to Defendant Maruta that "most of the placards aren't in the names of the people actually parking there." (*Id*. ¶ 74.) To which Defendant Maruta responded, "[a]nyone who parks in a handicapped space but can walk on their own two legs is either a pussy or faking it." (*Id*. ¶ 75.) Plaintiff states that he reported the incident, but that UPS's

---

[1] Plaintiff's Complaint is included within the Notice of Removal filed by Defendant UPS beginning at ECF page number 18. The Court cites to the internal page and paragraph numbers from the Complaint.

[2] Individual Defendants have appeared in this action and, as far as the Court can tell, Counsel for Defendant UPS does not purport to represent them. The Court need not determine if the Motion to Dismiss is therefore improper as the Court will grant remand.

human resources department only indicated it had investigated the incident with no further details. (*Id.* ¶¶ 77-78.)

Plaintiff also alleges that he had previously been passed over for a position and overheard Defendant Tse state in connection with that position, "I'm tired of all of these white guys in these positions . . . we need to bring more color onto the team. I want to bring on an Asian male." (*Id.* ¶¶ 39-41.) Defendant Tse was also the subject of an investigation for creating a hostile work environment based on a complaint by Plaintiff.[3] (*Id.* ¶ 33.) In connection with that investigation, Plaintiff was allegedly placed on a conference call with Defendant Woodruff – Plaintiff and Defendant Tse's supervisor – who told Plaintiff to "just forget this and buckle down and work hard," and promised Plaintiff a promotion if he did so. (*Id.* ¶ 38.)

Plaintiff brought nine causes of action with the Individual Defendants named in Plaintiff's claims for race discrimination in violation of FEHA (all Individual Defendants), disability discrimination in violation of FEHA (Defendants Carney and Maruta), disability harassment in violation of FEHA (Defendants Carney and Maruta), racial harassment in violation of FEHA (Defendants Tse and Woodruff), and violation of Cal. Gov. Code § 12964.5 (all Individual Defendants). (*See* Compl.) Briefing is complete on both Plaintiff's Motion to Remand (Remand Mot. (ECF No. 8); Remand Opp'n (ECF No. 11); Remand Reply (ECF No. 12)) and Defendants' Motion to Dismiss (Dismiss Mot. (ECF No. 5); Dismiss Opp'n (ECF No. 7); Dismiss Opp'n (ECF No. 9)). The matter is taken under submission without oral argument pursuant to Local Rule 230(g).

////
////
////
////
////

---

[3] It is unclear from the facts alleged whether this investigation related to the comment about hiring previously referenced or a different incident.

# MOTION TO REMAND[4]

## I. Legal Standard

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (internal quotation marks and alterations omitted). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards is met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1044–46 (citations omitted)). Defendant challenges the joinder of Defendants Carney, Maruta, Tse, and Woodruff on the second basis, which requires Defendant to show there is no possibility that a state court would find that the

---

[4] In their Opposition to Plaintiff's Motion to Remand, Defendant first argues that because Plaintiff's Opposition to Defendant's Motion to Dismiss was filed one day late, the Court should treat the delayed filing as Plaintiff consenting to Defendant's Motion to Dismiss the Individual Defendants. (Remand Opp'n at 3.) While the Court requires that all parties abide by the deadline established by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Standing Order, a one-day delay with no apparent prejudice to Defendant from that delay does not warrant the Court treating that missed deadline as Plaintiff's "consent" to dismissal of the Individual Defendants without leave to amend such that remand is not warranted.

Complaint states a cause of action against these Defendants. *See id.* (quoting *Hunter*, 582 F.3d at 1046). Defendant "bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (alteration included).

Establishing an inability to state a cause of action against the non-diverse defendant requires more than showing that the claim does not meet the standards for a motion to dismiss under Rule 12(b)(6). Rather, the court must determine "[whether] there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) (emphasis added); *Grancare*, 889 F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare, LLC*, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.") (collecting cases). For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), or other inability to hold the defendant liable, *see United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim "impossible."

5

## II. Discussion

In removing this action to this Court, Defendant UPS asserted that removal was proper because the Individual Defendants are sham defendants and that, without their joinder, this Court has diversity jurisdiction. (Notice of Removal at 3.) Plaintiff now seeks remand of this action, arguing that the Individual Defendants are proper defendants and, as such, there is not complete diversity of the parties.

As an initial matter, the Parties agree that Plaintiff's race and disability discrimination claims are not cognizable against the Individual Defendants and should be dismissed. (Remand Opp'n at 3; Dismiss Opp'n at 11.) For the remainder of Plaintiff's claims against the Individual Defendants, Defendant argues that these claims fail as a matter of law. The core of Plaintiff's remaining claims against the Individual Defendants are FEHA race and disability harassment claims.

To state a disability harassment claim under FEHA, a plaintiff must demonstrate that: (1) they are a member of a protected class; (2) they were subjected to harassment because they belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am.*, LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). For the claims of Defendant Murata's disability harassment, Plaintiff claims that he heard Defendant Murata state that "[a]nyone who parks in a handicapped space but can walk on their own two legs is either a pussy or faking it." (FAC ¶ 146.) Defendant first argues that this comment was "not obviously in reference to disabled individuals, but instead could just as easily be referencing able-bodied individuals fraudulently using handicapped placards." (Remand Opp'n at 5.) This argument ignores the central implication of Defendant Murata's alleged statement: that simply because an individual is able to walk, they are either lesser or faking a disability. While Defendant Murata may have some defense based on the intent or context of his alleged statement, taking as true the allegations as stated in the Complaint, these statements may constitute harassing conduct; simply because someone can walk does not mean they are lesser or do not have a disability.

Defendant also argues that Plaintiff has not established that this statement was relevant to him, as he has not alleged that he had a handicap placard nor offered evidence that he is a member of a protected class. Defendants may be correct on these points, but these are deficiencies that can be cured with future amendment. Finally, Defendant contends that this statement is not sufficiently severe or pervasive. (Remand Opp'n at 6.) In a vacuum, this single statement not directed to Plaintiff would not be sufficiently severe or pervasive to establish a claim under FEHA. *See Lawler*, 704 F.3d at 1244. However, this allegation is not made in a vacuum but in the context of allegations of other alleged discriminatory conduct, including the failure to respond to Plaintiff's accommodation request for over a year and Plaintiff being told to "pick his battles" and "move on" from requests for accommodation. (FAC ¶¶ 71-73.) Plaintiff also indicates that he has reason to believe that the comment made by Defendant Murata was specifically connected to an investigation regarding Plaintiff's accommodation request (Remand Reply at 6), though the FAC does not currently contain any such allegations.

It is still possible that even in this broader context, these allegations are insufficient to establish a disability harassment claim. However, the question for purposes of fraudulent joinder is not whether the Court would grant a motion to dismiss under Rule 12(b)(6) based on the allegations in the Complaint. Defendant's arguments that remand is not warranted largely concern the sufficiency of Plaintiff's allegations to state harassment claims against the Individual Defendants. (*See* Remand Opp'n at 5-11.) As Defendant is not moving to dismiss these claims based on procedural defenses and immunities, and thus has a "heavy burden" to prove that Defendants Carney, Maruta, Tse, and Woodruff were fraudulently joined. Defendant's argument that Plaintiff has not identified specific factual allegations that could be included in a future complaint is not determinative. Defendants bear the burden to show that Plaintiff could not possibly state claims against the Individual Defendants. Defendant has not carried this burden by establishing only that Plaintiff's allegations

against the Individual Defendants are insufficient as currently pled.[5] *See Grancare, LLC*, 889 F.3d at 548.

The Court finds that Defendant has not met their burden to show fraudulent joinder. As such, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties. 28 U.S.C. § 1447(c); *see* 28 U.S.C. § 1332(a).

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 8) is GRANTED.
2. Defendant UPS's Motion to Dismiss (ECF No. 5) is DENIED AS MOOT.
3. The Clerk of Court is directed to remand this case to the Superior Court of California, County of Sacramento, and close this case.

IT IS SO ORDERED.

Dated: **September 12, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – salter25cv01482.mtr&mtd

---

[5] The Court only addresses allegations against Defendant Murata above for this reason. The allegations against Defendant Murata are utilized to illustrate why the Court ultimately grants Plaintiff's Motion to Remand.

8